**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ENTERGY NUCLEAR GENERATION CO.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 03-2626C<br>(Judge Lettow) |

**JOINT STATUS REPORT**

Pursuant to this Court's February 3, 2004 Order, plaintiff, Entergy Nuclear Generation Company ("ENGC"), through its undersigned counsel, and defendant, the United States, submit this status report. The Court requested that the parties notify the Court regarding the "feasibility and desirability" of consolidating this case with Boston Edison Co. v. United States, No. 99-447C (Lettow, J.).

**PLAINTIFF'S REPORT**

At this time, ENGC believes that these two cases should not be consolidated, but consolidation may be appropriate in the future. In ENGC's notice of directly-related case, ENGC indicated that this case and Boston Edison "may benefit" from consolidation. Notice of Directly-Related Case at 2 (Nov. 5, 2003). At that time, however, ENGC and Boston Edison Company ("BECO") both were represented by undersigned counsel. Since then, BECO has retained new attorneys for representation in Boston Edison. Thus, because BECO and ENGC are no longer represented by the same counsel, consolidation may be less efficient than originally suggested.

Additionally, BECO has filed an amended complaint that pleads some claims that are unrelated to the claims pursued by ENGC. In particular, BECO has pled claims based on a theory that it received diminished value from the sale of the Pilgrim Nuclear Power Station to ENGC. Such a claim may involve different factual and legal issues than those involved in the instant case. Thus, at this time, ENGC believes that it is not desirable to consolidate the instant case with Boston Edison, because of these different legal and factual theories.

Nonetheless, to the extent there are issues that overlap, ENGC recommends that this case and Boston Edison both proceed (without consolidation) to a determination of liability and with any other pre-trial issues. See Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1342 (Fed. Cir. 2000) ("The breach involved all the utilities that had signed the contract--the entire nuclear electric industry.").

Finally, counsel for ENGC is also the trial counsel in the related spent nuclear fuel "lead" case, Indiana Michigan Power Co. v. United States, No. 98-486C (Hodges, J.). That case is set for a two week trial to begin on March 1, 2004. After that trial has concluded, counsel for ENGC will better be able to develop a pre-trial schedule in the instant case. Notwithstanding this trial schedule, however, one or more ENGC attorneys will attend the two proposed status conferences on March 16, 2004 in Boston Edison and on March 18, 2004 in the instant case.

For the foregoing reasons, ENGC recommends that the instant case not be consolidated with Boston Edison at this time.

**DEFENDANT'S REPORT**

In response to the Court's request that the parties consider whether this action should be consolidated with Boston Edison Co. v. United States, No. 99-447C (Fed. Cl.), defendant has evaluated the plaintiffs' claims, to the extent that they are identified in the plaintiffs' complaints, and have concluded that consolidation is necessary here. "One of the primary objectives of consolidation is to prevent separate actions from producing conflicting results, which can occur when both cases require judicial determinations of the same facts." Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 433 (1993) (quoting Bank of Montreal v. Eagle Assocs., 117 F.R.D. 530, 532 (S.D.N.Y. 1987)) (emphasis added). The two cases involve the very same contract, the very same nuclear power facility, and the very same alleged breach of contract. Boston Edison Company ("BECO") originally held the Standard Contract at issue in this case, but assigned that contract to the plaintiff in this case, Entergy Nuclear Generation Company

("ENGC"). Now, both BECO and ENGC are suing the Government for damages allegedly resulting from the same partial breach of that single contract.

Several issues relating to that individual contract that will have to be resolved in both of these cases are either identical or necessarily must substantially overlap. First, the Court must determine liability under the Standard Contract, and the facts surrounding liability under the single BECO/ENGC contract are identical. Second, and importantly, the Court will have to determine the scope and validity of BECO's assignment to ENGC. Although contractors typically are prohibited by statute from assigning contracts or claims against the Government to a third party, see 31 U.S.C. § 3727 & 41 U.S.C. § 15, the Nuclear Waste Policy Act ("NWPA"), 41 U.S.C. §§ 10101-10270, contains a special assignment provision providing that "[t]he rights and duties of a party to a contract entered into under this section may be assignable with transfer of title to the spent nuclear fuel or high-level radioactive waste involved." 42 U.S.C. § 10222(b)(3). Nevertheless, BECO's assignment to ENGC contains some reservations that purportedly provide BECO with various continuing rights. The Court will have to determine the scope and validity of this assignment and, specifically, will have to determine which claims, if any, belong to BECO and which claims, if any, belong to ENGC. Third, by defining the meaning of the statutory assignment provision (which was incorporated into the Standard Contract), and by defining the scope of the assignment, the Court will be able to ensure that the two plaintiffs' damages claims do not overlap; that no duplicative damages recovery occurs; that the two plaintiffs do not prevail (to the Government's prejudice) upon conflicting interpretations of the Government's obligations under the single contract at issue here; and that any "diminution of value" award to BECO, which BECO seeks in its complaint, is somehow accounted for and offset against any award to ENGC, which, if it received its own damages award, would be the ultimate beneficiary of that temporary "diminution of value."

Section 10(d) of the Contract Disputes Act ("CDA"), 41 U.S.C. § 609(d), indicates that, in contract cases subject to the CDA, this Court should seriously consider consolidation where two or more suits arise "from one contract" and where it would be "in the interest of justice."

Among the factors that this Court has considered in determining whether to consolidate CDA cases are whether the disputes "concern the same contract;" whether they "duplicate claims or involve overlapping and related issues;" and whether "separate forums could reach inconsistent results when interpreting the same contract." Giulani Contracting Co. v. United States, 21 Cl. Ct. 81, 83 (1990). Although the Standard Contract at issue here is not subject to the CDA, the considerations applicable in CDA cases are persuasive here, where the two suits that the Court is considering are based upon the same contract and the same alleged contractual breach. Under these factors, and given the overlapping common issues of fact and law, defendant requests that the Court consolidate these two cases.

**FOR PLAINTIFF:**

Dated: February 20, 2004

Respectfully submitted,

s/ Alex D. Tomaszczuk

Alex D. Tomaszczuk
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940 – telephone
(703) 770-7901 – facsimile

Counsel of Record for Plaintiff
Entergy Nuclear Generation Company

*Of Counsel*:
Jay E. Silberg
Devon E. Hewitt
Daniel S. Herzfeld
Jack Y. Chu
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000

**FOR DEFENDANT:**

Dated: February 20, 2004

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
MARTHA S. CROSLAND
Office of General Counsel
Department of Energy
Washington, D.C. 20585

CERTIFICATE OF FILING

I hereby certify that on this 20th day of February 2004, a copy of foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.