**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ENTERGY NUCLEAR GENERATION COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | No. 03-2626C<br>(Judge Lettow) |

**ENTERGY NUCLEAR GENERATION COMPANY'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON LIABILITY**

Pursuant to RCFC 56(h)(1), Plaintiff Entergy Nuclear Generation Company ("ENGC"), through its undersigned counsel, submits these proposed findings of uncontroverted fact in support of its motion for summary judgment on liability:

1. On June 17, 1983, ENGC's predecessor – Boston Edison Company ("BECO") – executed the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste, 10 C.F.R. § 961.11 ("Standard Contract"), with the Department of Energy ("DOE"). Complaint ¶¶ 2, 9.

2. By letter dated July 13, 1999 and in accordance with Article XIV of the Standard Contract, BECO notified DOE that it had assigned to ENGC BECO's Standard Contract for the Pilgrim Nuclear Power Station ("Pilgrim"). Complaint ¶ 2.

3. In exchange for the payment of fees into the Nuclear Waste Fund, DOE promised to begin removal of spent nuclear fuel ("SNF") from Pilgrim no later than January 31, 1998. Standard Contract, 10 C.F.R. § 961.11, Art. II; <u>Maine Yankee Atomic</u>

Power Co. v. United States, 225 F.3d 1336, 1338 (Fed. Cir. 2000). Generally, DOE was "under a statutory 'obligation . . . reciprocal to the utilities' obligation to pay, to start disposing of the SNF no later than January 31, 1998.'" Northern States Power Co. v. United States, 224 F.3d 1361, 1366 (Fed. Cir. 2000) (quoting Indiana Mich. Power Co. v. United States, 88 F.3d 1272, 1277 (D.C. Cir. 1996)).

4. "[T]he [Nuclear Waste Policy Act] directs DOE to undertake the duty to begin taking the SNF by January 31, 1998, whether or not it has a repository or interim storage facility." Northern States Power Co. v. Dep't of Energy, 128 F.3d 754, 760 (D.C. Cir. 1997).

5. "DOE's duty to take the materials by the 1998 deadline is also an integral part of the Standard Contract, which provides that the Department 'shall begin' disposing of the SNF by January 31, 1998." Id. at 758 (citing and quoting the Standard Contract, 10 C.F.R. § 961.11, Art. II).

6. The duty to begin taking SNF by January 31, 1998 was "without qualification or condition." Indiana Mich., 88 F.3d at 1276.

7. On May 3, 1995, DOE formally admitted that it would be unable to begin to dispose of SNF until 2010. Final Interpretation, 60 Fed. Reg. 21,793, 21,794 (May 3, 1995).

8. DOE's failure to begin accepting, transporting, and disposing of SNF from Pilgrim constitutes a breach of contract. Maine Yankee, 225 F.3d at 1343 (Fed. Cir. 2000).

9. "The breach involved all the utilities that had signed the contract – the entire nuclear electric industry." Id. at 1342.

Dated: May 28, 2004

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu

Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
Entergy Nuclear Generation Company

Of Counsel:
Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

John M. Fulton
Assistant General Counsel
Entergy Nuclear Generation Company
440 Hamilton Avenue
Mail Stop 12A
White Plains, NY 10601

Document #: 1401851 v.1