IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENTERGY NUCLEAR GENERATION CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2626C |
| v. | ) | (Judge Lettow) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests an enlargement of time of 10 additional days, to and including July 29, 2004, within which to file its response to the plaintiff's motion for partial summary judgment regarding liability. The Government's response is currently due on Monday, July 19, 2004. Defendant has previously been granted an enlargement of time of 21 days for this purpose. Counsel for plaintiff, Alex Tomaszczuk, has represented that the plaintiff in this action does not oppose this motion. We apologize for the necessity of this motion, but, as explained below, the time that counsel has been and is currently required to devote to numerous spent nuclear fuel ("SNF") case matters, including the current trial in Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), and two other SNF cases have made this motion necessary.

As the Court is aware, this case is one of 63 cases currently pending before this Court involving alleged breaches of the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste," the terms of which are published at 10 C.F.R. § 961.11. Counsel for plaintiff in this case recently filed motions for partial summary judgment regarding liability not only in this case, but also in five other cases involving the Standard Contract. In the

six cases in which these partial summary judgment motions were filed, the Government has not had any discovery from the plaintiffs, although the Government was able to obtain (through the Court's coordinated discovery proceedings in other Standard Contract cases) some limited document production from some of the Standard Contract holders who, by 2002, had not yet filed complaints with this Court.[1]

The plaintiffs in the Standard Contract cases generally contend that the Department of Energy ("DOE") partially breached their Standard Contracts by failing to begin its program of SNF acceptance by January 31, 1998, which they assert the Standard Contract required. However, the plaintiffs generally also acknowledge that, even had DOE timely begun SNF acceptance, DOE would not have begun accepting SNF from each Standard Contract holder on or before January 31, 1998. They assert that DOE was obligated to begin accepting SNF from at least one of the contract holders by that date and that DOE was required to continue accepting SNF from contract holders after that date. In other Standard Contract cases pending before this Court, various plaintiffs have filed briefs arguing about the rate at which DOE was obligated to continue accepting SNF under the Standard Contract after January 31, 1998, and the time at which, pursuant to the order of SNF acceptance that the Standard Contract requires DOE to pursue,[2] DOE would have begun accepting a particular contract holder's SNF.

---

[1] That document production, which was very limited, was obtained from several contract holders upon which we had served subpoenas for documents relating to the schedule for SNF acceptance under the Standard Contract. Not all of the Standard Contract holders received subpoenas, and some of those contract holders that received subpoenas did not respond to them.

[2] Basically, the Standard Contract provides that DOE is to accept fuel from all of the contract holders on an "oldest fuel first" basis. That is, the nuclear utility or contract holder that has generated the oldest "piece" of SNF receives the first acceptance allocation, the nuclear utility or contract holder with the next oldest receives the next acceptance allocation, and so on. An

As we explained in our prior motion seeking an enlargement of time of 21 days, the Court may be aware, in many of the earlier-filed Standard Contract cases, the Government filed motions for partial summary judgment disagreeing with the plaintiffs' theory that liability is established on January 31, 1998, regardless of whether the particular plaintiff had any right to acceptance of any of its particular SNF by that date. Instead, in our partial summary judgment motions, we have explained the manner in which the acceptance schedule terms of the Standard Contract provide a mechanism for establishing the parties' mutual SNF disposal obligations. We have further explained in those and related motions the reasons that the SNF acceptance obligations created pursuant to those contract provisions, through the submission and approval of delivery commitment schedules ("DCSs"), provide the basis for identifying the Government's partial breach of contract to an individual contract holder, given that an individual DCS is the only document that creates a specific obligation to accept a particular amount of SNF from a particular nuclear utility at any given time. As we have explained in our motions in other cases, it is the Government's inability to satisfy the obligations created by an approved DCS that constitutes the "partial breach" of contract giving rise to an individual contract holder's right to claim partial breach damages.

In this and five other cases, the plaintiffs have filed motions for partial summary judgment regarding liability, arguing that, contrary to the Government's position, the Court should find that liability is established by the Government's failure to begin its program of SNF acceptance from the universe of contract holders as a whole, even if DOE did not have an

---

acceptance "queue," created by comparing the age of each "piece" of SNF in each contract holder's possession, determines the order in which SNF is to be contractually scheduled for removal from all of the contract holders' sites.

obligation to accept any SNF from the particular plaintiff on January 31, 1998. In seeking an enlargement of time to respond to that motion previously, we anticipated that we would be able to complete our responses despite the fact that a seven-week trial in three of the SNF cases – Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), and two others pending before Senior Judge Merow – was to begin on Monday, July 12, 2004. Unfortunately, the time that numerous attorneys have been required to devote to preparation for the trial that started last Monday, as well as extensive and expedited discovery in Sacramento Municipal Utility District v. United States, No. 98-488C (Fed. Cl.); expert and additional fact discovery and other time-consuming activities in Commonwealth Edison Co. v. United States, Nos. 98-621C & 04-103C (Fed. Cl.); and activity in other Standard Contract cases have significantly affected our resources and our ability to complete our efforts to evaluate our response to the plaintiffs' motions for partial summary judgment in this and the other five cases in which the motions were filed. For these reasons, we respectfully request that the Court grant us an additional 10 days within which to review and respond to the plaintiffs' motions.

For the foregoing reasons, we respectfully request that the Court grant this request for an enlargement of time of 10 days, to and including July 29, 2004.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

July 19, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 19th day of July 2004, a copy of foregoing "DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.