**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ENTERGY NUCLEAR GENERATION COMPANY,** Plaintiff, | ) | No. 03-2626C (Judge Lettow) |
| v. | ) | |
| **THE UNITED STATES,** Defendant. | ) | |

**PLAINTIFF'S MOTION FOR ENTRY OF**
**PROTECTIVE ORDER AND E-MAIL PRESERVATION ORDER**

Plaintiff Entergy Nuclear Generation Company hereby respectfully submits, pursuant to RCFC 7(b), its motion for entry of a protective order and e-mail preservation order. A copy of the proposed protective order is attached as Exhibit 1 and a copy of the proposed e-mail preservation order is attached as Exhibit 2. These proposed orders are substantially similar to those entered by Judge Sypolt in the coordinated discovery proceedings in 2001-02.

As grounds for this motion, Plaintiff states that, over the past several months, counsel for the parties have exchanged correspondence and voice mail messages concerning the terms of a suitable protective order and e-mail preservation order for use in this case and other "newly-filed" spent nuclear fuel cases. On July 8, 2004, the Government and several other nuclear utility plaintiffs filed Joint Status Reports in three newly-filed spent nuclear fuel cases assigned to Judge Williams – Detroit Edison Co. v. United States, No. 02-926C; Sys. Fuels, Inc. v. United States, No. 03-2621C; and Entergy Gulf States, Inc. v. United States, No. 03-2625C. The parties in each of those cases requested, in pertinent part, that the Court "enter protective and e-mail

preservation orders captioned in this case imposing identical substantive requirements as those entered by Judge Sypolt in the coordinated discovery proceedings," with two enumerated exceptions. See, e.g., July 8, 2004 Joint Status Report at 1, Detroit Edison (Exhibit 3). Those two exceptions concerned relatively minor changes to paragraphs 1 and 4 of the protective order previously entered by Judge Sypolt. In the proposed order attached hereto as Exhibit 1, the two changes agreed-to by the Government in the July 8 joint status report have been adopted; no other changes to the protective order utilized in the coordinated discovery proceedings are being proposed. Since the Defendant has previously indicated its acceptance of a protective order with these identical terms, Plaintiff respectfully requests that the attached protective order be entered forthwith.

Insofar as an appropriate e-mail preservation order is concerned, here again the proposed order is, for all intents and purposes, substantively identical to the requirements of the e-mail preservation order entered by Judge Sypolt on November 8, 2001 in the coordinated discovery proceedings. As this Court may be aware, when Judge Sypolt entered her e-mail preservation order on November 8, 2001 she did not create separate language specifying the parties' obligations, but instead simply granted "defendant's plan for the production of e-mail." See Order in coordinated discovery proceedings dated November 8, 2001 at 2.

The operative provisions of "defendant's plan for the production of e-mail" are contained at pages 9-10 of Defendant's Motion for the Court to Adopt Defendant's E-Mail Plan dated October 26, 2001. In the proposed order attached hereto as Exhibit 2, Plaintiff has simply replicated what it believes are the operative provisions of the Defendant's October 26, 2001 motion, as adopted by Judge Sypolt on November 8, 2001. Accordingly, the e-mail preservation order attached hereto as Exhibit 2 should be entered forthwith.

The undersigned counsel for the Plaintiff has attempted on several occasions to confirm the agreement of counsel for the Defendant to the terms of both orders presented herein, but counsel for the Defendant has been unavailable (apparently due to the on-going trial of another spent nuclear fuel case). While Plaintiff is sympathetic to the busy schedule of Defendant's counsel, in light of the commencement of briefing in this case and this Court's preference to avoid "any stays or stops on case preparation," March 18, 2004 Status Conference Transcript at 9, Entergy Nuclear Generation Co. v. United States, No. 03-2626C, it is now imperative that suitable protective and e-mail preservation orders be entered. For the foregoing reasons, and for good cause shown, Plaintiff respectfully requests that the protective order and e-mail preservation orders attached hereto be entered.

Dated: August 12, 2004

Respectfully submitted,

s/Alex D. Tomaszczuk by s/Daniel S. Herzfeld
Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
Entergy Nuclear Generation Company

Of Counsel:

Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)