IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENTERGY NUCLEAR GENERATION COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2626C |
| v. | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR ENTRY OF PROTECTIVE ORDER AND E-MAIL PRESERVATION ORDER

Defendant, the United States, respectfully responds to "Plaintiff's Motion For Entry Of Protective Order And E-Mail Preservation Order," dated August 13, 2004. Attached to the plaintiff's motion are a proposed protective order and a proposed e-mail preservation order that the plaintiff requests the Court to enter in this case.

We do not object to the entry of those two orders in this case, with the caveat that, if other judges of this Court modify the language of either of these orders in other cases, the Government may be required to return to this Court to seek modification of the orders. The protective order and e-mail order that the plaintiff seeks to enter here are substantially similar to the orders that Judge Sypolt entered during the coordinated discovery proceedings in approximately 17 of the earliest-filed spent nuclear fuel ("SNF") cases in this Court. We believe it appropriate for that order to apply in all of the SNF cases so that there is a single uniform protective order applicable to and governing all of the SNF cases. In our initial discussions with the plaintiffs regarding these orders, we requested a change in the language of a paragraph of the original protective order, paragraph 4, to make clear that documentation produced in this case – either by the Government or the plaintiff – could be used in any of the SNF cases. With that change, which

the plaintiff has included in the proposed protective order accompanying its motion, we do not object to entry of the proposed orders.

The proposed protective order contains a "clawback" provision that allows a party to retrieve privilege documents that have been inadvertently produced. That provision existed in the original protective order that Judge Sypolt issued in the coordinated discovery proceedings. A few of the newer plaintiffs have requested that, in their cases, they want the "claw back" provision to require that any requests for return of documents be made within 90 days after production of the privileged documents. Although we normally might be willing to consider that request, other plaintiffs, including the plaintiff in this case, have opted to retain the original "claw back" provision language. If this Court modifies the "claw back" period in any of the other SNF cases to a 90-day period, it effectively will limit the Government's ability to "claw back" documents in <u>every</u> case to that 90-day period, even though plaintiffs in SNF cases without that express 90-day limit will not be subject to a 90-day period. Accordingly, at the present time, we are willing to agree to the original "claw back" provision contained in the original protective order that Judge Sypolt originally entered in the SNF cases. However, to the extent that the Court, in any other SNF case, rules that the Government's "claw back" period will be limited to 90 days, we anticipate that we will request that the Court make a uniform modification of the "claw back" provision in <u>all</u> SNF cases to limit any party's ability to "claw back" documents to a 90-day period so that all parties will have equal rights and obligations.

For the foregoing reasons, we respectfully agree to the plaintiff's request that the Court enter the proposed protective order and e-mail preservation order, subject to the Government's right to return to the Court to seek a modification of the order if the Court, in other cases, enters

orders that create limitations upon the Government's rights that conflict with the protective order and/or e-mail preservation order in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

August 30, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 30th day of August 2004, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND E-MAIL PRESERVATION ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.