**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on April 29, 2005)

| | | |
|---|---|---|
| **ENTERGY NUCLEAR GENERATION CO.,** Plaintiff, | ) | |
| v. | ) | No. 03-2626C (Judge Lettow) |
| **THE UNITED STATES,** Defendant. | ) | |

**JOINT STATUS REPORT**

Plaintiff Entergy Nuclear Generation Company ("ENGC") and Defendant (the "Government") respectfully submit this joint status report in response to the Court's March 3, 2005 Opinion and Order which instructed the parties to set forth "a plan for completion of discovery and a proposed schedule for further proceedings in this case." 64 Fed. Cl. 336, 346 (2005). Counsel for the parties have conferred but were unable to agree on a mutually acceptable schedule. Hence, as detailed below, the parties separately advise the Court of their respective proposals for further proceedings in this case.

ENGC's Position

The Court's ruling that a trial on ENGC's damages "shall be limited to those damages incurred between July 13, 1999 (the date Entergy purchased Pilgrim) and the end of Entergy's most recently closed fiscal year prior to the date of trial," 64 Fed. Cl. at 345, affects ENGC's position as to when this case should proceed to trial.[1] From ENGC's standpoint, the earliest this

[1] In this regard, counsel for ENGC also represents the plaintiff in System Fuels, Inc. v. United States (No. 03-2623C) ("SFI"). Recently, the Court issued a decision in SFI granting plaintiff's motion for summary judgment on liability and setting the case for trial. Given the Court's similar position on the scope of a damages trial in SFI and given the facts of that case, counsel for ENGC submits that it would be more efficient, both economically and procedurally, for SFI to proceed to trial before ENGC's case.

case should be tried is March 2007, so that Entergy is able to capture and present at trial at least some of the costs associated with a spent fuel pool rack addition project currently planned for 2006. Given the substantial costs and effort associated with bringing this case to trial, however, ENGC would prefer that this case be stayed for a period of months. A stay will also allow the issue of the recoverability of future damages in a partial breach of contract case, which is a key legal issue currently on appeal in Indiana Michigan Power Co. v. United States, No. 04-5122 (Fed. Cir.) ("Indiana Michigan"), to be decided by the Federal Circuit. That issue, once resolved by the Federal Circuit, may impact the scope of any damages trial here. Hence, ENGC respectfully requests that the Court enter a stay in this case until 30 days after the Federal Circuit's decision on the recoverability of future damages in Indiana Michigan becomes final.

From his discussions with counsel for the Government, counsel for ENGC understands that the Government's position is that it is not opposed in principle to a stay of this case, but that the Government cannot agree to any stay of this case unless Boston Edison Co. v. United States (No. 99-447C) ("Boston Edison"), a directly-related case, is similarly stayed. ENGC respectfully submits that a stay of this case will not prejudice the Government, even if the Boston Edison case is not stayed. Certainly any judgment ultimately entered in Boston Edison can be considered by this Court at such time as this case proceeds to trial. These points are more fully addressed in ENGC's opposition to the Government's motion to consolidate this case with Boston Edison, which opposition was filed on April 28, 2005. For the foregoing reasons, ENGC respectfully requests that the Court stay this case until 30 days after the Federal Circuit's decision in Indiana Michigan becomes final.

Government's Position

Defendant, the United States, provides its response to the Court's order dated March 3, 2005, in which the Court ordered the parties to address "a plan for completion of discovery and a

proposed schedule for further proceedings in this case, addressing the requirements of RCFC Appendix A ¶¶ 5 and 12 (final sentence)."

On April 11, 2005, the United States filed a motion to consolidate this case with Boston Edison Co. v. United States, No. 99-447C (Fed. Cl.). For the reasons explained in that motion, any discovery plan, case development, and trial should be coordinated and consolidated with the discovery plan, case development, and trial of the Boston case. As we explained in our motion to consolidate, both this case and the Boston case seek damages allegedly arising out of the same Standard Contract for the same nuclear reactor. The plaintiff in this case, Entergy Nuclear Generation Company ("ENGC"), is the assignee of the Standard Contract that Boston Edison Company, ENGC's assignor, used to hold. As set forth in our motion to consolidate, numerous overlapping issues and conflicting damages claims exist in this case and the Boston case. Accordingly, we respectfully request that the Court consolidate this case and the Boston case and issue a single discovery and case development plan applicable to both cases.

We understand that, in its portion of this status report, ENGC will request that this Court suspend proceedings in this case for a period of time to allow the appeal to the United States Court of Appeals for the Federal Circuit in Indiana Michigan Power Co. v. United States, No. 04-5122 (Fed. Cir.), to conclude. Given that several other spent nuclear fuel cases are actively being developed, given that numerous unsettled legal issues remain outstanding that need to be finally resolved on a uniform basis among all of the spent nuclear fuel cases, and given that the Federal Circuit's decision in Indiana Michigan will certainly provide some of that guidance, we support ENGC's request for a stay here. However, any action that the Court orders in this case should also be ordered in the Boston Edison case. Because, as we explained in our motion to consolidate, any discovery in this and the Boston Edison case needs to be conducted in a coordinated and simultaneous manner, particularly since evaluation of the diminished value

claims in Boston Edison will require significant discovery from ENGC, any order regarding further proceedings here needs to be identical to any order entered in Boston Edison regarding further proceedings.

Dated: April 29, 2005

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

Counsel of Record for Plaintiff
Entergy Nuclear Generation Company

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen by s/ Jack Y. Chu
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr. by s/ Jack Y. Chu
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:
JANE K. TAYLOR
MARTHA S. CROSLAND
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585