No. 99-447C, No. 03-2626C
(Judge Lettow)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BOSTON EDISON COMPANY,

Plaintiff,

v.

UNITED STATES,

Defendant,

ENTERGY NUCLEAR GENERATION CO.,

Plaintiff,

v.

UNITED STATES,

Defendant.

# DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' "JOINT NOTICE OF DEPOSITION & TRIAL TESTIMONY DESIGNATIONS" AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

HAROLD D. LESTER, JR.
Assistant Director

ALAN J. LO RE
Senior Trial Counsel
Commercial Litigation Branch

Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0226
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

PATRICK B. BRYAN
SCOTT R. DAMELIN
STEPHEN P. FINN
JOSHUA E. GARDNER
SONIA M. ORFIELD
Trial Attorneys
Department of Justice

May 25, 2007

# TABLE OF CONTENTS


PAGE

SUMMARY OF ARGUMENT . . . . . . . . . . 2

DISCUSSION . . . . . . . . . . 4

I. PLAINTIFFS' DESIGNATIONS SHOULD BE STRICKEN BECAUSE THEY SHOULD NOT BE ADMITTED INTO THE RECORD OF THIS CASE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(D) WITHOUT THIS COURT'S DETERMINATION THAT THEY, IN FACT, CONSTITUTE ADMISSIONS . . . . . . . . . . 4

II. PLAINTIFFS HAVE FAILED TO ESTABLISH AN INDEPENDENT BASIS FOR THE ADMISSION OF THE DESIGNATED TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2) . . . . . . . . . . 5

A. Plaintiffs Have Identified No Basis Upon Which To Avoid Their Burden Of Establishing The Admissibility Of Each Of Their Proposed Designations . . . . . . . . . . 6

B. Plaintiffs Cannot Introduce Testimony From Individuals Who Were Not Employees Of The Federal Government At The Time Of Their Designated Testimony . . . . . . . . . . 7

C. Plaintiffs Have Identified No Foundation For Finding That The Remaining Witness Testimony Falls Within FRE 801(d)(2)(D) . . . . . . . . 8

III. PLAINTIFFS HAVE NOT MADE THE PROPER SHOWING AS TO WHY DESIGNATED TESTIMONY SHOULD BE ALLOWED TO BURDEN THE RECORD . . . . . . . . . . 10

A. Plaintiffs Have Failed To Establish Good Cause For Using Deposition Designations *In Lieu* Of Live Testimony At Trial . . . . . . . . . . 10

B. When There Has Been No Showing Of Unavailability, There Is A Strong Preference For Live Testimony . . . . . . . . . . 13

IV. TO THE EXTENT THAT WITNESSES DISCUSS EXHIBITS IN THEIR DESIGNATED TESTIMONY, PLAINTIFFS' DESIGNATIONS CONFLICT WITH PLAINTIFFS' RESPECTIVE OBLIGATIONS TO ESTABLISH PROPER FOUNDATION FOR THE ADMISSION OF EXHIBITS . . . . . . . . . . 16

TABLE OF CONTENTS (cont'd)

PAGE

V. NOTWITHSTANDING PLAINTIFFS' FAILURE TO DEMONSTRATE THE ADMISSIBILITY OF DEPOSITION TESTIMONY IN THIS CASE, THE GOVERNMENT REQUESTS THAT IT BE ALLOWED TO SUBMIT ITS LIST OF OBJECTIONS AND COUNTER-DESIGNATIONS . . . . . 18

CONCLUSION . . . . . 19

# TABLE OF AUTHORITIES

CASES PAGE(S)

Aliotta v. National R.R. Passenger Corp.,
315 F.3d 756 (3d Cir. 2003) . . . . . . . . . . 5

American Steel Works v. Hurley Construction Co.,
46 F.R.D. 465 (D. Minn. 1969) . . . . . . . . . . 15

Angelo v. Armstrong World Industrial,
11 F.3d 957 (10th Cir. 1993) . . . . . . . . . . 11

Banks v. Yokemick,
144 F. Supp. 2d 272 (S.D.N.Y. 2001) . . . . . . . . . . 14

Carden v. Westinghouse Electric Co.,
850 F.2d 996 (8th Cir. 1998) . . . . . . . . . . 6

Delaware v. Van Arsdall,
475 U.S. 673 (1986) . . . . . . . . . . 16

Evans v. Port Authority of New York & New Jersey,
192 F. Supp. 2d 247 (S.D.N.Y. 2002) . . . . . . . . . . 5

Globe Savings Bank v. United States,
61 Fed. Cl. 91 (2004) . . . . . . . . . . passim

Grimna v. Makousky,
76 F.3d 151 (7th Cir. 1966) . . . . . . . . . . 15

Harris v. Itzhaki,
183 F.3d 1043 (9th Cir. 1999) . . . . . . . . . . 5

Kolb v. County of Suffolk,
109 F.R.D. 125 (E.D.N.Y. 1985) . . . . . . . . . . 6, 14, 17

Long Island Savings Bank v. United States,
63 Fed. Cl. 157 (2004) . . . . . . . . . . 6, 10

TABLE OF AUTHORITIES (cont'd)

Napier v. Bossard,
102 F.2d 467 (2d Cir. 1939) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Pacific Gas & Electric Co. v. United States,
73 Fed. Cl. 333 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Renda Marine, Inc. v. United States,
66 Fed. Cl. 639 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Robertson v. National R.R. Passenger Corp.,
No. 98-1397, 1999 WL 280407 (E.D. La. May 3, 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 8

Sacramento Municipal Utility Dist. v. United States,
No. 98-488C (Fed. Cl. March 16, 2005) (unpublished) . . . . . . . . . . . . . . . . . . . . . . . . 13

Sea-Land Serv., Inc. v. Lozen Int'l, Inc.,
285 F.3d 808 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Selby v. Pepsico, Inc.,
784 F. Supp. 750 (N.D. Cal. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Shapiro, Lifschitz, & Schram, P.C. v. Hazard,
90 F. Supp. 2d 15 (D.D.C. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Blum,
62 F.3d 63 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Holmes,
44 F.3d 1150 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. International Business Machines Corp.,
90 F.R.D. 377 (S.D.N.Y. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Mathis,
559 F.2d 294 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Yankee Atomic Elec. Co. v. United States,
No. 98-126C, 2004 WL 2450874 (Fed. Cl. Sept. 17, 2004) . . . . . . . . . . . . . . . . . . . . . . 9

Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc.,
216 F.R.D. 521 (D. Utah 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

TABLE OF AUTHORITIES (cont'd)

Young v. James Green Management, Inc.,
327 F.3d 616 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

MISCELLANEOUS

Fed. R. Evid. 801(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Fed. R. Evid. 804(b)(1), Advisory Committee Notes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142 (2d ed. 1994) . 17

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BOSTON EDISON COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | |
| ENTERGY NUCLEAR GENERATION CO.,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | No. 99-447C<br>No. 03-2626C<br>(Judge Lettow) |

DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' "JOINT NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS" AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

Defendant respectfully requests that the Court strike the "Joint Notice Of Deposition & Trial Testimony Designations" that plaintiff, Boston Edison Company ("Boston Edison"), and plaintiff, Entergy Nuclear Generation Company ("Entergy") (collectively, "Plaintiffs"), filed on May 18, 2007. To the extent that the Court does not strike those designations from the record of this case, defendant alternatively requests that the Court preclude Plaintiffs from relying upon those designations or from considering those designations as substantive evidence, given, among other deficiencies discussed below, Plaintiffs' failure to establish an appropriate foundation for

the designated testimony and to establish that the designated testimony constitutes "admissions" of the United States.[1]

SUMMARY OF ARGUMENT

Plaintiffs have proffered extensive deposition and previous trial testimony of 11 past and present Government employees, and 546 pages of testimony, as substantive evidence.[2] Rather than filing a motion seeking to have this Court review the proposed designations to determine whether they, as Plaintiffs claim, all properly constitute "admissions" by the United States pursuant to Federal Rule of Evidence ("FRE") 801(d)(2), Boston Edison and Entergy have merely filed them with the Court through a "notice," apparently simply including them in the record of this case under an assumption that Plaintiffs are entitled to treat all of them as "admissions" without any Court review.

---

[1] Subsequent to the filing of Plaintiffs' May 18, 2007 "Joint Notice Of Deposition & Trial Testimony Designations," Plaintiffs also filed a similar "Amended Joint Notice Of Deposition & Trial Testimony Designations," dated May 22, 2007, which includes additional witness designations. Accordingly, this motion is directed to both the May 18, 2007, and the May 22, 2007 designation "notices" that Plaintiffs have filed in this case.

[2] In their "notice," Plaintiffs seek to introduce by designation the deposition and trial testimony of Lake Barrett, Alan Brownstein, Susan Klein, Christopher Kouts, Michael Lawrence, Ronald Milner, Robert Morgan, Thomas Pollog, Nancy Slater (Thompson), Victor Trebules, and David Zabransky. Plaintiffs' list of designations is similar to the list of designations filed by the plaintiffs in System Fuels, Inc. v. United States, No. 03-2624C (Fed. Cl. Aug. 18, 2006) and Northern States Power Co. v. United States, No. 98-484C (Fed. Cl. Sept. 1, 2006). Although plaintiffs in those cases withdrew portions of the designations or have indicated that they do not intend to rely upon all of these designations in those cases, Plaintiffs' list of proposed designations in this case does not reflect those changes. Of the individuals for whom Plaintiffs' have proposed designations, Entergy has identified Mr. Pollog, Mr. Morgan, and Mr. Zabransky as possible witnesses for Entergy at trial on its witness list. Messrs. Kouts, Morgan, and Zabransky are on the Government's witness list, and the Government expects to call one or more of these witnesses at trial.

Contrary to Plaintiffs' apparent belief, it is the Court, not Plaintiffs, that determines whether the proposed designations properly constitute "admissions" of the United States. Because Plaintiffs did not file a motion seeking the Court's review of these designations, but, instead, merely included them in the record of this case as predetermined "admissions," we respectfully request that the Court strike Plaintiffs' "notice" from the case. Even if the Court considers the "notice" to constitute a motion to deem the designated testimony as admissions of the Government, Plaintiffs have failed to make the required showing under FRE 801(d)(2) that the testimony which they have designated may properly be considered to be the admission of a party opponent, and they have ignored or failed to identify numerous objections to the testimony upon which the Court must rule before the testimony could be admitted into the record of this case. Plaintiffs also have not overcome the preference for live testimony and met their burden to show cause as to why these designations should be allowed. Because the designated testimony is irrelevant, incomplete, or subject to extensive objections, Plaintiffs should not be allowed to burden the record with its admission. To the extent that the Court allows Plaintiffs' designations to become part of the record, in whole or in part, we request that the Court grant us the opportunity to file specific objections that are contained in the testimony that Plaintiffs have designated, pursuant to RCFC 32(b), and we respectfully request that the Court consider and rule upon such objections. Likewise, we request that the Court grant us the opportunity to file a listing of deposition and trial testimony that we intend to counter-designate, and we respectfully request that the Court consider such counter-designations pursuant to FRE 106 and RCFC 32(a)(4) . We further request that the Court require the parties to read the designated testimony into the trial record and that the time devoted to that effort be included in the parties' respective trial time.

## DISCUSSION

### I. PLAINTIFFS' DESIGNATIONS SHOULD BE STRICKEN BECAUSE THEY SHOULD NOT BE ADMITTED INTO THE RECORD OF THIS CASE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(D) WITHOUT THIS COURT'S DETERMINATION THAT THEY, IN FACT, CONSTITUTE ADMISSIONS

In the "notice" of deposition and trial testimony designations that Plaintiffs have filed, Plaintiffs recognize that "RCFC Appendix A, ¶ 15(b) provides that a party must move for leave to file designations of substantive testimony, *except 'as provided by Fed. R. Evid. 801(d).'*" Plaintiffs' Notice, at 1 (May 18, 2006) (italics in original) (quoting RCFC App. A ¶ 15(b)). Claiming that all of their proposed designations constitute "admissions" by the United States pursuant to FRE 801(d)(2), Plaintiffs then filed a "notice" of their designations, without any motion requesting that the Court determine whether the proposed designations actually constitute "admissions" under the identified Federal Rule of Evidence. The lack of a motion seeking the Court's review and admission of these proposed designations, as opposed to Plaintiffs' mere admission of the designations into the record of this case without any Court review and approval, is inappropriate. Seemingly in response to the Government's criticism of the same "notices" filed in System Fuels, Inc. (No. 03-2624C) and Northern States, Plaintiffs note at the end of their notice that Plaintiffs "reserves their right to supplement these designations . . . to otherwise assure that the testimony presented meets the requirements of Fed. R. Evid. 801(d)." Plaintiffs Notice at 2 (May 18, 2007). Rather than reserve the right to submit additional designations, Plaintiffs should have sought to provide the proper basis for the admission of the testimony with their notice.

"[T]here are two relevant requirements under Rule 801(d)(2)(D). First, [the designated individual's] deposition testimony must be an admission. Second, the statements must be made

'concerning a matter within the scope' of [the designated individual's] employment." Aliotta v. National R.R. Passenger Corp., 315 F.3d 756, 761 (3d Cir. 2003). Although a party certainly must identify the specific testimony that it wants to designate for inclusion in the trial record, "the burden of establishing admissibility, of course, is with the proponent of the evidence." Evans v. Port Auth. of N.Y. & N.J., 192 F. Supp. 2d 247, 263 n.121 (S.D.N.Y. 2002). The Court is the ultimate decision-maker regarding these two factors. See Aliotta, 315 F.3d at 761. Specifically, it is the burden of "the proffering party to lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's employment," Sea-Land Serv., Inc. v. Lozen Int'l, Inc., 285 F.3d 808, 821 (9th Cir. 2001) (quoting Harris v. Itzhaki, 183 F.3d 1043, 1054 (9th Cir. 1999)), and constitutes an admission. "When a court is evaluating whether such a foundation has been established, '[t]he contents of the statement shall be considered but are not alone sufficient to establish . . . the agency or employment relationship and scope thereof.'" Id. (quoting Fed. R. Evid. 801(d)(2)).

## II. PLAINTIFFS HAVE FAILED TO ESTABLISH AN INDEPENDENT BASIS FOR THE ADMISSION OF THE DESIGNATED TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)

### A. Plaintiffs Have Identified No Basis Upon Which To Avoid Their Burden Of Establishing The Admissibility Of Each Of Their Proposed Designations

In their "notice," Plaintiffs assert that they need not comply with the requirements of RCFC 32(a) in submitting their testimony designations because all of the designated testimony is admissible as an admission of a party opponent, pursuant to FRE 801(d)(2). Plaintiffs relies upon the Court's decision in Globe Savings Bank v. United States, 61 Fed. Cl. 91 (2004), in which the Court held that a party need not show cause for the admission of deposition testimony, pursuant to RCFC 32(a)(2), if the Federal Rules of Evidence, in particular the rule concerning

admissions of a party opponent in FRE 801(d), provide an independent basis for the admission of the deposition testimony. Id. at 95 (2004);[3] see Long Island Savings Bank v. United States, 63 Fed. Cl. 157, 163 (2004). However, consistent with other court decisions, the Court in Globe and Long Island required a showing that the testimony that the plaintiffs sought to designate in each case properly met the requirements of FRE 801(d)(2) as an admission of a party opponent. See Sea-Land, 285 F.3d at 821; Carden v. Westinghouse Elec. Co., 850 F.2d 996, 1002 (8th Cir. 1998); Selby v. Pepsico, Inc., 784 F. Supp. 750, 757 (N.D. Cal. 1991). Plaintiffs have made no attempt to meet these requirements for much of the testimony that the have designated.

Rule 801(d)(2) provides, in pertinent part, as follows:

> Admission by a party-opponent. The statement is offered against a party and is . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, . . .

Fed. R. Evid. 801(d)(2). In Globe and Long Island, the Court conducted an analysis of the testimony designated to ensure that it met the requirements of the rule. Globe, 61 Fed. Cl. at 96-97; Long Island, 63 Fed. Cl. at 164-65. Specifically, the Court required the plaintiffs to establish that: (1) the statements were made by the party, the United States, against whom the statements

---

[3] The factual difference between the instant case and Globe provides a proper basis for limiting the application of the analysis in Globe. The plaintiff in Globe was successful in offering into evidence portions of the deposition testimony of a single individual as the admission of a party opponent. Globe, 61 Fed. Cl. at 95. However, in this case, Plaintiffs seek to admit the deposition and trial testimony of 11 individuals as substantive evidence. Other courts have recognized that deposition testimony conceded to be an admission under FRE 801(d)(2)(D) should not be used in place of the deponent's live trial testimony when the deponent is readily available to testify at trial. Kolb v. County of Suffolk, 109 F.R.D. 125, 127 (E.D.N.Y. 1985). Plaintiffs' wholesale designation of deposition testimony, rather than providing proper trial testimony, amounts to a "trial by deposition," which is disfavored in the Federal courts. Id.

were being offered; (2) the subject matter of the testimony designated matched the "subject matter of the employee's job description;" and (3) all of the individuals for whom testimony was designated were employees of the United States Government at the time of their depositions. Id. (citations omitted). Plaintiffs here have failed to provide the Court with the evidence to make similar determinations regarding the extensive deposition testimony that they seek to designate as admissions of a party opponent.

### B. Plaintiffs Cannot Introduce Testimony From Individuals Who Were Not Employees Of The Federal Government At The Time Of Their Designated Testimony

Plaintiffs cannot seek to admit the testimony of Michael Lawrence or Robert Morgan pursuant to FRE 801(d)(2). Although both of these individuals had once been employed by the Federal Government, neither were not Federal employees at the time of their depositions or trial testimony. See App. 2, 4, 6. To fall within the parameters of FRE 801(d)(2)(D), the individual making the statements at issue must have been an employee or agent of the party opponent when the statement constituting the alleged admission was made. See, e.g., Young v. James Green Mgt., Inc., 327 F.3d 616, 622-23 (7th Cir. 2003) (statements made by former employees of party, who were not employed by party at time of statement, cannot be party admissions under FRE 801(d)(2)(D)); Shapiro, Lifschitz, & Schram, P.C. v. Hazard, 90 F. Supp. 2d 15, 18 n.3 (D.D.C. 2000) ("affidavit does not qualify under the party admission exception in Fed. R. Evid. 801(d)(2)(D) because O'Riordan is a former employee"); Robertson v. National R.R. Passenger Corp., No. 98-1397, 1999 WL 280407, at *1 (E.D. La. May 3, 1999) ("statement issued by a former employee after the employment ceases, is inadmissible under Rule 801(d)(2)(D)"). Indeed, Plaintiffs here have not attempted to make any showing under RCFC 32(a) that would permit the introduction of this testimony as evidence in this case. See Long Island, 63 Fed. Cl. at

165 (Court analyzed admission of deposition testimony pursuant to RCFC 32(a) because individual was not an employee of the Federal Government at the time of his deposition).

C. Plaintiffs Have Identified No Foundation For Finding That The Remaining Witness Testimony Falls Within FRE 801(d)(2)(D)

With respect to the remaining individuals who were Government employees at the time of their depositions or trial testimony, Plaintiffs have failed to provide the necessary showing that the testimony that they have designated for admission falls within the scope of the responsibility for the employee for the following: Alan Brownstein, Susan Klein, Christopher Kouts, Nancy Slater, and Victor Trebules.[4] With respect to Susan Klein, Plaintiffs only have designated Ms. Klein's testimony that her position was as a "senior policy advisor" to Mr. Lake Barrett, Deputy Director, OCRWM, and that she had held that position since 1997. See Klein Deposition, Apr. 24, 2002, 11:10-12:15. Plaintiffs provide no further testimony regarding the scope of Ms. Klein's responsibilities. Similarly, Plaintiffs have designated two excerpts from two of the three days of deposition testimony from Nancy Slater regarding delivery commitment schedules ("DCSs") under the Standard Contract, but has not designated any testimony regarding Ms. Slater's position or her responsibilities that would allow the Court to determine that Ms. Slater's statements regarding DCSs should be considered to be within the scope of her employment. Similarly, Plaintiffs designated no testimony that would establish Alan Brownstein's responsibility for Annual Capacity Reports, delivery commitment schedules, the Monitored Retrievable Storage facility, or other matters discussed in his designated testimony or the period of his employment with DOE. Without information regarding the subject matter

[4] As explained below, we currently intend to call Mr. Kouts to testify in our case-in-chief. Deposition designations for Mr. Kouts are unnecessary given his expected testimony at trial.

encompassed by these individuals' positions in the Government, the Court is unable properly to determine that the statements which Plaintiffs seek to introduce as substantive evidence are within the scope of the employment of the individuals and, therefore, independently admissible pursuant to FRE 801(d)(2).

Significantly, certain of Plaintiffs' designations for other deponents (Messrs. Barrett, Milner, Pollog, and Zabransky) demonstrate Plaintiffs' understanding of the requirements of FRE 801(d)(2) and their obligation to establish that the individual was employed by the Government and the scope of that employment. For example, Plaintiffs have designated testimony for Messrs. Barrett and Milner that established their employment by DOE in the positions of the Deputy Director and the Chief Operations Officer, respectively, for the Office of Civilian Radioactive Waste Management ("OCRWM"). Barrett Deposition, Apr. 22, 2002, 10:21-11:5; Milner Deposition, May 1, 2002, 11:23-12:8. Although Plaintiffs should have designated additional testimony regarding the scope of employment for these individuals, we do not dispute that they occupied senior positions within OCRWM within DOE. Plaintiffs also have designated testimony regarding the scope of employment for Messrs. Pollog and Zabransky. Pollog Testimony from the trial in Tennessee Valley Authority v. United States, No. 01-249C (Fed. Cl.), Tr. 908:6-909:24; Zabransky Deposition, Aug. 5, 2004, 4110:15-4112:3. While we maintain foundational objections to portions of the testimony designated for all of these individuals, including objections that the testimony is outside their scope of employment, Plaintiffs have at least attempted to provide the scope of employment information required by FRE 801(d)(2). Plaintiffs' failure to attempt to establish that scope of employment for Mr. Brownstein, Ms. Klein, Mr. Kouts, Ms. Slater, and Mr. Trebules leaves the Court with no basis upon which to determine whether the designations may be properly admitted pursuant to FRE

801(d)(2). As a result, Plaintiffs' designations for these five witnesses (in addition to the two individuals identified above – Messrs. Lawrence, and Morgan – who were not Federal employees at the time of their designated testimony) should not be admitted. See Long Island, 63 Fed. Cl. at 165; Globe, 61 Fed. Cl. at 97.

## III. PLAINTIFFS HAVE NOT MADE THE PROPER SHOWING AS TO WHY DESIGNATED TESTIMONY SHOULD BE ALLOWED TO BURDEN THE RECORD

### A. Plaintiffs Have Failed To Establish Good Cause For Using Deposition Designations *In Lieu* Of Live Testimony At Trial

Plaintiffs have sought the admission of the testimony of 13 individuals from 43 of deposition or trial, consisting of 546 additional transcript pages for the Court to consider. Plaintiffs have made no effort to show that any of the witnesses whose deposition testimony they have designated are unavailable to testify at trial. Moreover, the testimony is irrelevant, incomplete, and replete with objections, all of which need to be ruled upon before the Court considers its substance.[5] Because Plaintiffs have failed to meet their burden to show why this testimony should be admitted, the Court should exclude it from the record.

[5] At trial in Northern States, plaintiff's counsel further reduced the number of designations upon which Northern States intended to rely to those from Messrs. Barrett and Brownstein and Ms. Slater-Thompson. Rather than have the Court rule upon the objections to the testimony and consider the Government's counter-designations, the parties agreed with the Court that the parties would cite to those designations or counter-designations necessary to the parties' case in post-trial briefing and the Court will consider any objections to those designations or counter-designations during closing arguments to be held after the post-trial briefing is complete. With this procedure, the parties should prevent a large amount of unnecessary testimony from burdening the record. Similarly, in Pacific Gas & Electric Co. v. United States, the Court limited its consideration of designated testimony to that upon which the parties relied in post-trial briefing and struck the remaining testimony that the parties designated from the record. Pacific Gas & Electric Co. v. United States, 73 Fed. Cl. 333, 442-3 (2006).

Pursuant to paragraph 15(b) of Appendix A of the Court's rules, Plaintiffs must show "good cause" for using designated deposition and trial testimony, "other than as provided by [FRE] 801(d)." See RCFC, App. A, ¶ 15(b) ("Any party intending to present substantive evidence by way of deposition testimony . . . *shall show cause* why the deposition testimony should be admitted") (emphasis added)); see also Angelo v. Armstrong World Industrial, 11 F.3d 957, 963 (10th Cir. 1993) (proponent of using deposition testimony at trial bears the burden of proving that it is admissible in lieu of live testimony under Rule 32 of the Federal Rules of Civil Procedure). Although paragraph 15(b) of Appendix A itself does not expressly require that a party "show cause" in a written motion regarding the admission of FRE 801(d) evidence, it is clear that this Court has a preference for live testimony and that, even though FRE 801(d) evidence may be presented at trial and supported orally, the party seeking to introduce duplicative, cumulative, and unnecessary evidence must properly support that request.

In their "notice" of the designations, Plaintiffs asserts only that their designations are proper because they will "streamline the parties' trial preparation and reduce trial time and cost." Plaintiff's Notice, at 2 (May 18, 2007). However, this reason does not amount to sufficient "cause" to permit Plaintiffs' to justify the designation of a substantial amount of testimony that ultimately seeks an "end run" around the Court's order regarding the length of trial. The Court's existing scheduling order specifically states that trial in this matter will consume a little over two weeks, commencing on June 4, 2007 and continuing until June 20, 2007. Scheduling Order, issued Feb. 27, 2007, at 2. Although Plaintiffs claim in their notice that they seek to "reduce" their trial time by avoiding calling live witnesses, they are actually attempting to supplement their designated trial time. Indeed, because this case involves claims relating to three separate parties, Boston Edison, Entergy, and the United States, the Court already has instructed the

parties that there will be strict time limits imposed upon each party in presenting its case. Further, particularly to the extent that the Government will have to address some of the out-of-context designated statements in these deposition designations with live witnesses, Plaintiffs' use of designations prejudices the Government by increasing the amount of live testimony that the Government will have to present. To eliminate the burden to the record of unnecessary designations, we request that Plaintiffs be required to read the designations upon which they intend to rely into the record and that the time required for this effort be counted against the trial time available to Plaintiffs. The Government's reading of counter-designations in response to these designations will be counted against the time allowed the Government in the presentation of its case.

Significantly, Plaintiffs have designated testimony of three individuals – Messrs. Kouts, Morgan, and Zabransky – whom the Government may call in its case-in-chief. If one or more of these individuals testify, as expected, Plaintiffs will have burdened the record with additional testimony that could have been elicited during cross-examination. See Renda Marine, Inc. v. United States, 66 Fed. Cl. 639, 645 (2005) (citing United States v. Int'l Bus. Machs. Corp., 90 F.R.D. 377, 382 (S.D.N.Y. 1981)) (disregarding designated deposition testimony of witnesses who testified at trial); Sacramento Municipal Utility Dist. v. United States, No. 98-488C, order, at 2 (Fed. Cl. March 16, 2005) (unpublished) (denying motion to designate prior testimony of witnesses who were to testify at trial). While we believe that Plaintiffs should not be allowed to designate testimony from witnesses who will testify at trial, to the extent that the Court allows it,

we ask that Plaintiffs be barred from cross-examining these witnesses upon the topics that are the subject of Plaintiffs' designations.[6]

B. When There Has Been No Showing Of Unavailability, There Is A Strong Preference For Live Testimony

Plaintiffs proffer no evidence, and makes no suggestion, that the witnesses whose deposition and trial testimony that they have designated have been or are unavailable to testify at the trial in this case. The Government is prepared to assist in making all former and current Government witnesses who appear upon Plaintiffs' proposed designation list available for trial, but, to date, we have received no inquiries from counsel for Plaintiffs regarding the availability of these individuals for trial. Even deposition testimony conceded to be an admission under FRE 801(d)(2)(D) should not be used in place of the deponent's live trial testimony when the deponent is readily available to testify at trial. Kolb, 109 F.R.D. at 127. Plaintiffs should be required to present their case through live testimony at trial and should not be permitted to avoid this obligation by forcing the Court and the Government to read and analyze hundreds of pages of proposed testimony in addition to the evidence that Plaintiffs presents at trial.

Plaintiffs failure to make a showing of unavailability flies in the face of established precedent. The preference for live testimony, when available, has been well-established by the courts:

---

[6] Because of Plaintiffs' designations, this Court must review voluminous snippets of substantive testimony, replete with objections, as well as counter-designations, themselves replete with objections, and rule upon all objections, in order to admit the testimony into evidence. RCFC 32(d)(3)(A) ("Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if present at that time"). By submitting volumes of deposition testimony, Plaintiffs not only attempt to supplement their trial time, but also will significantly increase the Government's out-of-trial work.

> In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court-declarant. See McCormick Evidence 2d § 244. The jury's observation of the demeanor of the witness and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference even though the out-of-court statement had been given under oath.

United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977); see Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand") (quoting from Judge Learned Hand in Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person"). Live testimony is necessary to provide this Court with an opportunity to evaluate the witnesses' demeanor during the discussion of events in which the witnesses were involved. Clearly, the reading of a deposition transcript does not serve as an adequate alternative to evaluation of the witness' testimony in person. See American Steel Works v. Hurley Construction Co., 46 F.R.D. 465, 470 (D. Minn. 1969) ("[t]he taking of a deposition is not equivalent to having 'live' testimony"); see also Grimna v. Makousky, 76 F.3d 151, 153 (7th Cir. 1966) ("strong preference of Anglo-American courts for live testimony"); Kolb, 109 F.R.D. at 127 ("when depositions are submitted in place of live testimony, the trial judge is denied the opportunity to question the witness . . . [c]learly, testimony by deposition is less desirable than oral testimony and should be used as a substitute only under very limited circumstances."). The preference for live testimony is recognized in Rule 32 itself, which provides that the Court may allow deposition testimony to be introduced

unless it finds "it is not in the interests of justice, *with due regard to the importance of presenting the testimony of witnesses orally in open court* . . ." RCFC 32(a)(3)(E)(ii) (emphasis added).

The inquiry on the admissibility of deposition and trial transcripts under RCFC 32(a)(2) is further informed by this "long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." 8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142, at 158 (2d ed. 1994) (discussing FRCP 32); see Fed. R. Evid. 804(b)(1), Advisory Committee Notes (1972) ("testimony given on the stand in person is preferred over hearsay," such as a witness' former testimony, and "tradition, founded in experience, uniformly favors the production of the witness if he is available" because the "opportunity to observe demeanor is what in a large measure confers depth and meaning upon oath and cross-examination"). Plaintiffs' introduction into evidence of deposition and trial testimony designations deprives the Court of the opportunity to see witnesses respond to questions, explain their testimony, as well as respond to any questions asked by the Court. Because this Court possesses national jurisdiction and can summon witnesses to testify form throughout the United States when necessary (RCFC 63), this Court should adhere to the strong preference for live testimony and reject Plaintiffs' attempt to eliminate the need to present such testimony to the Court.

Finally, even if the Court in Globe is correct that deposition testimony satisfying the requirements of FRE 801(d)(2) is admissible even if the witness is available to testify, this Court retains the discretion to preclude wholesale introduction of the massive amounts of deposition testimony that Plaintiffs proposes to introduce, which threaten to transform this case into a

document review case without testimony. See RCFC 1. A party's right to present its case in the manner that it desires "must be balanced against a court's leave to set reasonable limits on the admission of evidence." United States v. Blum, 62 F.3d 63, 67 (2d Cir. 1995) (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). "[J]udges are accorded 'wide latitude' in excluding evidence that poses an undue risk of 'harassment, prejudice [or] confusion of the issues' or evidence that is 'repetitive or only marginally relevant.'" Blum, 62 F.3d at 67 (quoting Van Arsdall, 475 U.S. at 679); see United States v. Holmes, 44 F.3d 1150, 1157 (2d Cir. 1995) ("[a]bsent a clear abuse of discretion, a trial judge retains a wide latitude to exclude irrelevant, repetitive, or cumulative evidence"). Under the Rules, this Court possesses the clear authority to exclude the wholesale introduction of designated testimony, in place of live testimony.

## IV. TO THE EXTENT THAT WITNESSES DISCUSS EXHIBITS IN THEIR DESIGNATED TESTIMONY, PLAINTIFFS' DESIGNATIONS CONFLICT WITH PLAINTIFFS' OBLIGATION TO ESTABLISH PROPER FOUNDATION FOR THE ADMISSION OF EXHIBITS

Plaintiffs' designations are replete with testimony concerning documents that were identified as exhibits during the deposition or at trial. These designations are problematic because it is not clear from the designations what document is being discussed or whether a proper foundation has been laid for the witness to testify about that specific document. For example, Plaintiffs have designated Mr. Barrett's testimony about the statements contained in a document generated by a group within OCRWM that did not include Mr. Barrett about studies that were undertaken by OCRWM:

> Q: Do you know what the, or are you familiar with the system study that is being referred to in this entry?
>
> A: Not this specific one.

Q: Do you have a general understanding of the system study being referred to here?

[Objection]

A: There were various studies done in the eighties and also in the very early nineties on system performance rate, you know, what the costs were, schedules were, plausibility of them.

Q: And these system studies looked at system issues, correct?

A: Yes.

Q: And am I correct that each one of these studies to which you've just referred confirmed an acceptance rate, an aggregate acceptance rate of 3,000 MTU per year?

[Objection]

A: I think its overstated to say it confirmed it. It showed that, you know, at 2,000 it does this, at 3,000 it does that, 4,000 it does something different. I don't know if they actually reached an absolute confirmation that 3,000 was the exact number, but generally they supported the system rate of 3,000 was a reasonable number.

Barrett Deposition, April 22, 2002, 197:4-197:22. It is unclear whether the document about which Mr. Barrett was being asked or the "various system studies" to which Mr. Barrett referred will be made part of the trial record. By including these designations, Plaintiffs are apparently trying to provide the Court with testimony about documents that the Court will not have the ability to review or evaluate. These designations do not provide the Court with the benefit of an explanation as to why the documents are important or, conversely, why the documents should be

disregarded.[7] For these reasons, the designations that concern documents should not be admitted by the Court.

V. NOTWITHSTANDING PLAINTIFFS' FAILURE TO DEMONSTRATE THE ADMISSIBILITY OF DEPOSITION TESTIMONY IN THIS CASE, THE GOVERNMENT REQUESTS THAT IT BE ALLOWED TO SUBMIT ITS LIST OF OBJECTIONS AND COUNTER-DESIGNATIONS

If the Court allows the testimony that Plaintiffs have designated to become part of the record in this case, the Government respectfully requests that the Court grant us the opportunity to file objections and counter-designations and that the Court first rule upon the objections to that testimony indicated in the portions of the testimony designated. RCFC 32(b). To the extent that the Court admits any designated testimony, the Government requests that the Court consider the Government's counter-designations from these same depositions. FRE 106; RCFC 32(a)(4). Further, to the extent that the Court allows Plaintiffs to designate testimony for Messrs. Kouts, Morgan, and Zabransky, who are currently expected to testify at trial, the Government requests that the Court preclude any cross-examination by Plaintiffs on the matters covered by those designations. The Government's objections and counter-designations are identified in Attachment A to this motion.

CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny the admission of the deposition and trial testimony that Plaintiffs have designated. To the extent that the Court allows Plaintiffs' designations to become part of the record, in whole or in part, we request that

[7] To the extent that we have been able to discern that the designated testimony concerns a document that may or may not be identified in the testimony excerpted, we intend to lodge a "best evidence" objection among the specific list of objections that we plan to file soon with the Court.

the Court grant us the opportunity to file specific objections that are contained in the testimony that Plaintiffs have designated, pursuant to RCFC 32(b), and we respectfully request that the Court consider and rule upon such objections. Likewise, we request that the Court grant us the opportunity to file a listing of deposition and trial testimony that we intend to counter-designate, and we respectfully request that the Court consider such counter-designations pursuant to FRE 106 and RCFC 32(a)(4) . We further request that the Court require the parties to read the designated testimony into the trial record and that the time devoted to that effort be included in the parties' respective trial time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Alan J. Lo Re
ALAN J. LO RE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0226
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Dept. of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

PATRICK B. BRYAN
SCOTT R. DAMELIN
STEPHEN P. FINN
JOSHUA E. GARDNER
SONIA M. ORFIELD
Trial Attorneys
U.S. Department of Justice

May 25, 2007