**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on June 1, 2007)

| | |
|---|---|
| **BOSTON EDISON COMPANY**, Plaintiff, v. **THE UNITED STATES**, Defendant. | No. 99-447C |
| **ENTERGY NUCLEAR GENERATION CO.**, Plaintiff, v. **THE UNITED STATES**, Defendant. | No. 03-2626C (Judge Lettow) |

**ENTERGY NUCLEAR GENERATION COMPANY'S AND BOSTON EDISON COMPANY'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' "NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS" AND, IN THE ALTERNATIVE, MOTION IN LIMINE TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)**

Plaintiff Entergy Nuclear Generation Company and Plaintiff Boston Edison Company (collectively, "Plaintiffs") respectfully submit this response to Defendant's (the "Government") May 25, 2007 motion to strike and, in the alternative, motion *in limine* to preclude Plaintiffs' reliance upon deposition and trial transcript designations ("Gov't Motion"). All of Plaintiffs' designations are admissions of a party-opponent under FED. R. EVID. 801(d)(2) and are allowed as substantive evidence. Moreover, as explained in Plaintiffs' Joint Notice Of Deposition And Trial Testimony Designations dated May 18, 2007, a notice submitting their designations was

proper under this Court's rules and no leave from the Court was necessary to submit Plaintiffs' designations for trial. Thus, for these reasons and others explained below, the Government's motions should be denied.

## DISCUSSION

### I. PLAINTIFFS MAY USE ADMISSIONS OF PARTY OPPONENTS REGARDLESS OF THEIR UNAVAILABILITY OR APPEARANCE AT TRIAL

Plaintiffs seek to admit statements of a party-opponent – the Government (*i.e.*, the United States) – as non-hearsay pursuant to FED. R. EVID. 801(d)(2)(C) & (D). Pursuant to FED. R. EVID. 801(d)(2)(D), Plaintiffs may use their designations as admissions of a party-opponent if a designation (1) is offered against a party-opponent, (2) the person's statement concerns a matter within the scope of the person's agency or employment, and (3) the statements were made during the existence of that person's relationship with the United States. *See Globe Savings Bank, F.S.B. v. United States,* 61 Fed. Cl. 91, 97 (2004). Generally, Plaintiffs "need not establish that [a witness's statement] was 'authorized' within the meaning of the rule" because "an agent may make vicarious admissions for his principal whether or not he is specifically authorized to speak on that subject." *PR Contractors, Inc. v. United States*, 69 Fed. Cl. 468, 473 (2006).

Pursuant to FED. R. EVID. 801(d)(2)(C), Plaintiffs may also use statements of a party-opponent if the designation is (1) offered against a party-opponent and (2) the statement by the person is "authorized by the party to make a statement concerning the subject . . . ." *See* FED. R. EVID. 801(d)(2)(C); *see also Glendale Fed. Bank, FSB v. United States*, 39 Fed. Cl. 422, 424 (1997). "Authority to make a statement can be bestowed upon virtually anyone, either expressly or implicitly." 7 WEINSTEIN'S FEDERAL EVIDENCE § 801.32[1], at 801-68.1 (2d Ed. 2006).

Contrary to the Government's attempt to blur the standard for introducing admissions of a party-opponent, Gov't Motion at 13-16, Plaintiffs do not have to show the unavailability of any

witness or "good cause" to introduce admissions of a party-opponent under FED. R. EVID. 801 (d)(2). *See Long Island Savings Bank, FSB v. United States*, 63 Fed. Cl. 157, 164 (2004) (noting that a party "need not demonstrate that any of the declarants whose deposition testimony it seeks to admit at trial pursuant to FED. R. EVID. 801(d)(2)(D) will be unavailable as witnesses at trial"); *Globe Savings Bank*, 61 Fed. Cl. at 94 ("[T]he government is mistaken that Rule 801(d)(2) requires a showing of the unavailability of the declarant."); *cf also Weaver-Bailey Contractors, Inc. v. United States*, 19 Cl. Ct. 474, 483 (1990) (noting that FED. R. CIV. P. 32(a)(2) – similar to RCFC 32(a)(2) – "permits a party to introduce the deposition of an adversary as part of his substantive proof regardless of the adversary's availability to testify at trial") (quotation omitted), *reconsideration denied by* 20 Cl. Ct. 158 (1990). In this regard, in *Long Island Savings*, this Court rejected the need to show unavailability and the rationale in *Kolb v. County of Suffolk*, 109 F.R.D. 125 (E.D.N.Y. 1985), cited by the Government here for that proposition. *Long Island Savings*, 63 Fed. Cl. at 163 ("Although the court in *Kolb* correctly observed that admission of deposition testimony as evidence under FED. R. CIV. P. 32(a) is dependent upon meeting the requirements of the rules of evidence, the court incorrectly assumed that the reverse is also true.") (footnote omitted). Also contrary to the Government's assertions or preferences, the "common law's preference for live testimony has no bearing on the use of party admissions as evidence." *Long Island Savings*, 63 Fed. Cl. at 163. Thus, there is no requirement to show unavailability of a witness to designate testimony of a party-opponent; nor does a witness's "preferred" live testimony prevent the introduction of party-admissions.

Plaintiffs also take exception to the Government's assertion that Plaintiffs' designations are "wholesale" or otherwise "massive," such that they should not be allowed pursuant to RCFC 1. Gov't Motion at 15-16. Plaintiffs have marked specific portions of these transcripts as

permissible admissions of a party-opponent. Incidentally, the sum total of deposition and trial designations fit comfortably into one notebook of material (far less than the numerous trial exhibits offered by the parties), which notebook Plaintiffs are prepared to provide to the Court and the Government during the trial commencing on June 4, 2007. Moreover, similar notebooks of designations have been produced to the Government in several other spent fuel damages cases during the past year. Thus, the Government should be well-aware that the amount of designated testimony at issue is hardly "massive" and reasonably tailored towards facilitating, if necessary, the Court's adjudication of the acceptance rate (and other related matters) at trial.

## II. THE TESTIMONY OF THE WITNESSES IN PLAINTIFFS' NOTICE IS ADMISSIBLE PURSUANT TO FED. R. EVID. 801(d)(2)

### A. The Government Does Not Dispute That Certain Witnesses Were DOE Employees And These Designations Are Admissible As Substantive Evidence

The Government does not contest that the following nine witnesses were DOE employees at the time of their deposition or trial testimony: Mr. Lake Barrett; Mr. Alan Brownstein; Ms. Susan Klein; Mr. Christopher Kouts; Mr. Ronald Milner; Mr. Thomas Pollog; Ms. Nancy Slater (Thompson); Mr. Victor Trebules; and Mr. David Zabransky. Each of these DOE employees was deposed about their knowledge and work with DOE's Office of Civilian Radioactive Waste Management ("OCRWM") regarding issues within the scope of their duties for OCRWM.

The Government complains, however, that Plaintiffs have failed to identify sufficient testimony to show that the following five witnesses testified within the scope of their employment: Mr. Brownstein, Ms. Klein, Mr. Kouts, Ms. Slater, and Mr. Trebules. Gov't Motion at 8-10. In particular, the Government suggests that Plaintiffs have failed to include sufficient testimony establishing the responsibility of Mr. Brownstein and Ms. Slater regarding topics covered in Plaintiffs' designated testimony for these two individuals. However, the

Government identified both of these individuals as among the most knowledgeable at DOE regarding the acceptance rate and other related schedule issues. *See* Defendant's Responses to Utility Plaintiff's Joint First Set of Interrogatories Nos. 36, 43, 45, 50 (identifying Mr. Brownstein, and Ms. Slater (a/k/a Ms. Slater-Thompson), among others, as among the "most knowledgeable" DOE employees on various acceptance rate issues) (attached hereto as Exhibit A). On this basis, among others, Judge Merow allowed similar deposition testimony in evidence from Mr. Brownstein and Ms. Slater in another SNF trial under FED. R. EVID. 801(d)(2). *See Yankee Atomic Elec. Co. v. United States*, No. 98-126C, slip op. at 4-5 (Fed. Cl. Sept. 21, 2004) (Merow, S.J.) (attached hereto as Exhibit B). Thus, the testimony of Mr. Brownstein and Ms. Slater is admissible pursuant to FED. R. EVID. 801(d)(2)(D).[1]

The Government provides no examples of why Ms. Klein's testimony should be excluded, but Ms. Klein was identified as knowledgeable regarding schedule issues in the interrogatories and the Government designated her as a RCFC 30(b)(6) witness regarding, among other topics, "the acceptance rate DOE is planning to use once acceptance [of SNF] begins." *See* Defendant's Responses to Utility Plaintiff's Joint First Set of Interrogatories No. 50; *see also Yankee Atomic*, slip. op. at 2 n.3. Likewise, her deposition testimony was allowed in

---

[1] With respect to the designated testimony of Messrs. Barrett and Brownstein and Ms. Slater, the Government's motion to strike appears to rely heavily on the plaintiff's withdrawal of designations during the closing stages of the 8-week trial in *Northern States Power Co. v. United States*, No. 98-484C (Wiese, S.J.) ("*Northern States*"). Gov't Motion at 10 n.5. The Government fails to address, however, the context in which these designations were withdrawn at the *Northern States* trial and the comments from the trial judge that prompted such withdrawal. *Northern States* Trial Tr. at 5382-84 (attached hereto at Exhibit C) ("And I can see, from having heard a lot of testimony on this subject, that there is so much room for argument when you enter into a contract that leaves as vital a matter as the acceptance rate undefined from the start, so I don't think, Mr. Tomaszczuk, that any of these designations are necessary to your case . . ."). The decision to withdraw designations by a different plaintiff in another case during the tail end of a lengthy trial has no bearing on the merits of any such designations in this case.

*Yankee Atomic*, slip op. at 2-3. Thus, because the deposition testimony falls well within Ms. Klein's scope of employment with DOE, this testimony should be admissible.

The Government also provides no example of why the designations are inadequate for Mr. Trebules. For example, Plaintiffs have designated sections of the testimony summarizing Mr. Trebules's history of working at DOE, notwithstanding the Government's contention that Plaintiffs have not designated testimony establishing that his testimony is within the scope of his employment. *See* Deposition of Victor Trebules at 17-18 (Apr. 17, 2002) (excerpt in Plaintiffs' designations binder). Additionally, the testimony designated involves Mr. Trebules's discussion of DOE's Mission Plan. *See, e.g. id.* at 52-53, 97-99. The Government identified Mr. Trebules as being the "person who was primarily responsible for the creation of the 1985 Mission Plan . . . ." Defendant's Responses to Utility Plaintiff's Joint First Set of Interrogatories No. 7 (attached hereto as Exhibit D). Thus, Mr. Trebules's testimony is admissible as substantive evidence.

Mr. Kouts's testimony is within the scope of his employment and generally falls under the category of information that the Government intends to call him for in this case. In this regard, the designated testimony relates to the acceptance of SNF at a repository and a monitored retrievable storage facility. *See, e.g.*, Trial Transcript of *Tennessee Valley Authority v. United States* at 1567-68 (July 12, 2005) (Testimony of Christopher Kouts) (excerpt in Plaintiffs' designations binder). The Government states in its Witness List that Mr. Kouts will be expected to testify, among other topics, "regarding the plans of the Department of Energy ("DOE") to accept spent nuclear waste at a geological repository and a Monitored Retrievable Storage ("MRS") facility . . . ." Defendant's Final Witness List at 2 (Apr. 30, 2007). The Government can hardly argue that Mr. Kouts's designations are not admissible, where it expects Mr. Kouts to testify in this case regarding identical matters.

**B. The Testimony of Michael Lawrence And Robert Morgan Is Admissible Pursuant To FED. R. EVID. 801(d)(2)(C)**

Plaintiffs offer the testimony of Mr. Michael Lawrence and Mr. Robert Morgan based on the Government's authorization of a person to make statements on a particular issue. *See* FED. R. EVID. 801(d)(2)(C). In this regard, the Government identified in interrogatories that Mr. Lawrence and Mr. Morgan were "DOE personnel" that participated in creating the Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste ("Standard Contract") and even quote Mr. Morgan's deposition transcript regarding the Government's asserted position in this litigation. *See* Defendant's Responses to Utility Plaintiffs' Joint Supplemental Interrogatories Nos. 77, 78, 79, 80, 81 (attached hereto as Exhibit E). Plaintiffs seek to introduce testimony regarding Mr. Lawrence's and Mr. Morgan's participation in the creation of the Standard Contract. Furthermore, Mr. Morgan is listed to testify in this case regarding topics covered by his admissions. *See* Defendant's Final Witness List at 2. Therefore, because the Government identified these former-DOE personnel as having participated in the Standard Contract's creation, quoted Mr. Morgan's deposition in its interrogatories, and listed Mr. Morgan to testify regarding the same topics for which he has made relevant admissions, Plaintiffs' designations are admissible pursuant to FED. R. EVID. 801(d)(2)(C).

**III. THE GOVERNMENT'S FOUNDATION OBJECTION REGARDING DOCUMENTS IS WITHOUT MERIT AND WAIVED, TO THE EXTENT THE GOVERNMENT FAILED TO MAKE THE OBJECTION DURING THE DEPOSITION**

The Government belatedly seeks to lodge foundation and best evidence objections regarding Plaintiffs' designations. To the extent the Government failed to make these objections during the underlying depositions, these objections are waived.

In particular, the Government asserts that Plaintiffs' designations are "replete" with testimony concerning documents that are unidentified, but provides only one example in its

motion. Gov't Motion at 16-17. The Government's foundation or best evidence objection is either in the testimony designated or it is waived, because these objections could have led the questioner to cure the problem claimed in the objection. *See* RCFC 32(d)(3)(B) ("[E]rrors of any kind which might be obviated, removed, or cured if promptly presented, are waived unless seasonable objection thereto is made at the taking of the deposition."). The one example provided by the Government in its motion is misleading because the objections as stated in the transcript were "asked and answered" and "vague," not the "foundation" or "best evidence" objections that the Government now belatedly seeks to invoke. *See* Deposition Testimony of Lake Barrett at 197 (Apr. 22, 2002) (excerpt in Plaintiffs' designations binder). The Government failed to preserve its foundation and best evidence objections by failing to seasonably make them at the deposition (at least the portion cited) and, therefore, these objections are waived. To the extent the Government has added new objections in contravention of RCFC 32(d)(3) in response to other portions of transcript pages designated by Plaintiffs, these objections should be denied as waived for failure to raise them during the deposition testimony.[2]

[2] Contrary to the Government's concerns, Plaintiffs have endeavored to include most (if not all) material documents relevant to the designated deposition testimony as trial exhibits. To the extent the Court finds a gap in what Plaintiffs have provided, Plaintiffs seek leave to supplement the testimony pursuant to FED. R. EVID. 106.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court allow Plaintiffs' initial and supplemental trial and deposition designations pursuant to FED. R. EVID. 801(d)(2) and deny any out-of-time objections made by the Government regarding foundation, best evidence, or other matters the Government failed to raise seasonably during the taking of a deposition.

Dated: June 1, 2007

Respectfully submitted,

s/ L. Jager Smith, Jr. by s/ Jack Y. Chu

L. Jager Smith, Jr.
**WISE CARTER CHILD**
**& CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
(601) 368-5572
(601) 368-5816 (fax)
jsmit83@entergy.com

Counsel of Record for Plaintiff
Entergy Nuclear Generation Company

OF COUNSEL:
Jay E. Silberg
Alex D. Tomaszczuk
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

s/ Richard J. Conway by s/ Jack Y. Chu

Richard J. Conway
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street, N.W.
Washington, D.C. 20006-5403
(202) 420-2200
(202) 420-2201 (fax)

Counsel of Record for Plaintiff
Boston Edison Company

OF COUNSEL:
Bradley D. Wine
Nicholas W. Mattia, Jr.
Bernard F. Sheehan
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street, N.W.
Washington, D.C. 20006-5403
(202) 420-2200
(202) 420-2201 (fax)

Neven Rabadjija
Associate General Counsel
NSTAR Electric & Gas Corporation
800 Boylston Street
17th Floor
Boston, MA 02199-0228