IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BOSTON EDISON COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | ) | |
| ENTERGY NUCLEAR GENERATION CO.,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | ) | No. 99-447C<br>No. 03-2626C<br>(Judge Lettow) |

UNOPPOSED MOTION FOR LEAVE TO DESIGNATE PRIOR TRIAL TESTIMONY

Pursuant to Rule 7(b) of the Rules of the Court of Federal Claims ("RCFC"), and in accordance with this pleading, the Government hereby respectfully requests that the Court enter an order permitting the parties to designate the prior trial testimony of the following individuals regarding the topics about which they testified in the recent trial that this Court conducted in System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.) ("ANO"): Robert Morgan,[1] Loring

[1] In ANO, this Court granted the Government's request to designate Mr. Morgan's trial testimony from Northern States Power Co. v. United States, No. 98-484C (Fed. Cl.), as substantive evidence in ANO, based upon Mr. Morgan's age, the travel involved, the almost

Mills, and Eileen Supko. Plaintiffs Boston Edison Company and Entergy Nuclear Generation Company join in this request with respect to the designated testimony of these three individuals, however, Plaintiffs do not concur with the representations made by the Government regarding the rationale for the designations and their relevance to these proceedings.

The Government makes this request based upon the following unique circumstances surrounding the above-captioned matter and the particular nature of the proposed designated testimony.

The proposed designated testimony from these witnesses concerns the issue of DOE's contractual obligations under the Standard Contract for the acceptance of spent nuclear fuel ("SNF") from nuclear utility contract holders and, specifically, whether DOE could have satisfied its contractual obligation under the Standard Contract by commencing performance as articulated in the 1991 Annual Capacity Report ("ACR"), or, in the alternative, the reasonableness of various rates of acceptance under the Standard Contract if the Court determines that it must define such a rate.[2]

---

twenty years since Mr. Morgan retired from federal service, and his repeated deposition and trial testimony on the same issues in each case. See Docket No. 126 (January 8, 2007 Order). As we articulated during the pretrial conference in this matter on May 29, 2007, the Government reserves the right to call Mr. Morgan to testify at trial regarding the assignment clause of the Standard Contract either in person or, with the Court's permission, by video conference. As a consequence, this stipulation does not apply to any such testimony by Mr. Morgan at trial.

[2] Although the parties agree that the issue of the rate of acceptance may play a critical role in the determination of damages in this case, the parties disagree as to whether the Court may determine the rate of acceptance for the first 10 years of performance by reference to the 1991 ACR, or whether the Court must insert a "reasonable" rate of acceptance. Ms. Supko's proposed testimony purports to address a reasonable rate, notwithstanding the rate identified in the 1991 ACR.

First, the issue of DOE's contractual obligations and the validity and reasonableness of the 1991 ACR currently is being reviewed by the United States Court of Appeals for the Federal Circuit in Pacific Gas & Electric Co. v. United States, No. 07-5046 (Fed. Cir. docketed Jan. 24, 2007).[3]

Second, testimony concerning the scope of the Government's contractual obligations concerning the rate and schedule of SNF acceptance, and the alleged reasonableness of various rates, was presented during the ANO trial, and we expect that any testimony from these individuals in this case would be virtually identical to the testimony provided in the ANO case.[4]

Third, although we agree that the designated testimony will be read into the record, and counted against the sponsoring party's allotted trial time, the parties believe that designating this testimony will be more efficient than calling these witnesses live. In short, the Government believes that the efficiency of trial presentation will be enhanced by designating the testimony of the above-referenced witnesses.

The Government's agreement with this motion applies only to the unique circumstances of the above-captioned matter, as described in this pleading, and does not constitute an expressed or implied agreement to stipulate to any such designations in any other SNF or non-SNF cases. Further, the Government reserves its right to present live testimony of any of the above-

---

[3] In addition to the appeal in PG&E, two other cases currently on appeal to the Federal Circuit may address the issue of scope of the Government's contractual obligations concerning the rate and schedule of SNF acceptance. Yankee Atomic Electric Co. v. United States, Nos. 07-5025, -0526, -5027, -5031, -5032, and -5033 (Fed. Cir.), and Sacramento Municipal Utility District v. United States, Nos. 07-5052, -5097 (Fed. Cir.).

[4] The Court also heard similar testimony from Mr. Morgan during the trial in Tennessee Valley Authority v. United States, No. 01-249C (Fed. Cl.). Neither Ms. Supko nor Mr. Mills testified in the TVA case.

captioned witnesses on the Government's witness list in the event that plaintiffs provide evidence at trial that is within the factual knowledge of those witnesses and is presented for the first time during the impending trial.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Alan J. Lo Re
ALAN J. LO RE
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: 202-307-0226
Fax: 202-307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

PATRICK B. BRYAN
STEPHEN P. FINN
SCOTT R. DAMELIN
JOSHUA E. GARDNER
SONIA M. ORFIELD
Trial Attorneys
U.S. Department of Justice

June 3, 2007

Attorneys for Defendant