**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,** <br> **Plaintiff,** <br> **v.** <br> **UNITED STATES OF AMERICA,** <br> **Defendant.** | ) | **No. 04-0033C** <br> **(Judge Wheeler)** |
| **BOSTON EDISON COMPANY, OF NEW YORK, INC.,** <br> **Plaintiff,** <br> **v.** <br> **UNITED STATES OF AMERICA,** <br> **Defendant.** | ) | **No. 99-447C** <br> **No. 03-2626C** <br> **(Judge Lettow)** |
| **ENTERGY NUCLEAR GENERATION CO.** <br> **Plaintiff,** <br> **v.** <br> **UNITED STATES OF AMERICA,** <br> **Defendant.** | ) | |

**CON EDISON'S APPLICATION FOR ACCESS TO SEALED MATERIALS UNDER THE *BOSTON EDISON V. UNITED STATES* PROTECTIVE ORDER OR OTHER APPROPRIATE RELIEF**

Consolidated Edison Company of New York, Inc. ("Con Edison") respectfully requests to become a signatory to the protective order entered in *Boston Edison v. United States*, Nos. 99-

447C, 03-2626C (Fed. Cl. consolidated July 29, 2005) ("*Boston Edison*") in order to gain access to trial materials currently under seal. These materials are relevant to Con Edison's own spent nuclear fuel case, pending before Judge Wheeler, *Con Edison v. United States*, No. 04-0033C (Fed. Cl) ("*Con Edison*"). Both the *Con Edison* and *Boston Edison* cases involve the post-breach sale of nuclear facilities to Entergy. Judge Wheeler has recently ordered Entergy to produce substantially identical materials to Con Edison subject to the tailored protective orders already agreed to by Entergy in the *Con Edison* case. Because this application involves issues similar to those recently decided by Judge Wheeler in *Con Edison* and since the *Boston Edison* trial is currently ongoing before Judge Lettow, Con Edison has filed this application, out of an abundance of caution, in both the *Con Edison* and *Boston Edison* cases. Con Edison apologizes for any confusion this duplicate filing may cause.

On December 21, 2006, Con Edison issued a third-party subpoena to Entergy requesting, *inter alia*, documents related to expert reports, deposition transcripts, and related exhibits filed in the *Boston Edison* case. Although Entergy had already agreed to a supplemental protective order for the *Con Edison* case (No. 04-0033C), Entergy objected to producing the materials sought by the subpoena. Judge Wheeler, after hearing argument, concluded that materials related to *Boston Edison* were indeed relevant to Con Edison's nuclear facility "seller" case and found that the specially-tailored protective orders would adequately protect the confidential nature of Entergy's information. As directed by Judge Wheeler, the parties drafted a proposed consent order,[1] which was revised and entered by Judge Wheeler on June 6, 2007. Exh. A.

Although Judge Wheeler has already ordered Entergy to provide Con Edison access to proprietary *Boston Edison* case materials, including all expert reports, deposition transcripts, and

[1] Entergy, Florida Power & Light, Con Edison, and the Government were directed to draft a proposed consent order together.

related exhibits, Entergy now objects to Con Edison receiving any sealed *Boston Edison* trial materials, including sealed portions of the trial transcript and Entergy's motion papers filed under seal. Boston Edison and the Government have stated that they take no position on this matter.

The subject matter of the *Boston Edison* trial materials is coextensive with the subject matter of materials Entergy has already been directed to produce to Con Edison. Because "[o]ne of the primary objectives of the discovery provisions embodied by the Federal Rules of Civil Procedure is elimination of surprise at trials," the trial materials introduced in *Boston Edison* should be substantively the same as the pre-trial materials, which Judge Wheeler has already determined to be relevant to Con Edison's case. *Erskine v. Consol. Rail Corp.*, 814 F.2d 266, 272 (6th Cir. 1987).

Entergy's purported proprietary information, now nearly ten years old, should be adequately protected by the protective order entered in *Boston Edison* and the supplemental protective order entered in *Con Edison*.

**CONCLUSION**

Because Judge Wheeler has ordered Entergy to produce substantively similar *Boston Edison* materials, Con Edison respectively requests to be allowed to sign the *Boston Edison* protective order, or any other relief the Court may deem appropriate, to gain access to sealed trial materials generated in *Boston Edison*.

Dated: June 13, 2007

Respectfully submitted,

_s/ David A. Churchill______

DAVID A. CHURCHILL
Jenner & Block LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
(202) 639-6056
(202) 639-6066 (fax)
COUNSEL FOR PLAINTIFF

Of Counsel:

Brent L. Brandenburg, Esq.
Assistant General Counsel
Consolidated Edison Company
of New York, Inc.
4 Irving Place, Suite 1830
New York, NY 10003
(212) 460-4333

Cynthia J. Robertson, Esq.
Jenner & Block LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
(202) 639-6000

CERTIFICATE OF FILING

I hereby certify that on June 13, 2007 a copy of the foregoing "Con Edison's Application for Access to Sealed Materials Under the *Boston Edison v. United States* Protective Order or Other Appropriate Relief" was filed electronically. I also certify that I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system and that parties may access this filing through this system.

s/ David A. Churchill

David A. Churchill
JENNER & BLOCK, LLP
601 Thirteenth Street, NW, Suite 1200
Washington, DC 20005
(202) 639-6000

*Counsel of Record for*
*Consolidated Edison Company of New York, Inc.*